# APPENDIX D

| | |
|---|---|
| **Subject:** | To the President of Boise State University |
| **Attachments:** | 2024-09-24 Letter to Mountain West Conf Presidents.pdf |

---------- Forwarded message ---------
From: **Val McClain** <valmclain@iconswomen.com>
Date: Tue, Sep 24, 2024 at 3:34 PM
Subject: To the President of Boise State University
To: <president@boisestate.edu>
Cc: Kim Jones <kimjones@iconswomen.com>, Marshi Smith <marshismith@iconswomen.com>

September 24, 2024

Dear Dr. Marlene Tromp, President of Boise State University,

The Independent Council on Women's Sports (ICONS) urgently demands that you act immediately and decisively to protect and support your women volleyball players and their rights to equal athletic opportunities and fair and safe competition which are guaranteed by Title IX and the Equal Protection Clause of the Fourteenth Amendment.

ICONS is a network and advocacy group committed to ensuring the next generation of women and girls deserve the opportunity to be champions. Our network spans all levels of sport and includes thousands – Olympians and professional athletes, collegiate and high school athletes, parents, coaches and administrators. Our goal is to protect the female category in sports for every woman and girl at every level.

Over the last few weeks, we have spoken with distraught student-athletes and their parents, coaches, and administrators throughout the Mountain West Conference (MWC) regarding a crisis in MWC women's volleyball. Currently, the MWC, an NCAA member athletic conference, of which all but one of your schools is a public university, 1 San Jose State University (SJSU), a California state university...........

**Please see the attached document in its entirety.**

Respectfully,

ICONS Co-Founders
Kim Jones and Marshi Smith



--



**Marshi Smith**
Co-Founder, **Independent Council on Women's Sports**

**Address** 10624 S Eastern Ave Ste A-1052
Henderson, NV 89052
**Email** marshismith@iconswomen.com
**Phone** 702-323-4516
**Website** www.iconswomen.com



September 24, 2024

Dear Mountain West Conference University President,

The Independent Council on Women's Sports (ICONS) urgently demands that you act immediately and decisively to protect and support your women volleyball players and their rights to equal athletic opportunities and fair and safe competition which are guaranteed by Title IX and the Equal Protection Clause of the Fourteenth Amendment.

ICONS is a network and advocacy group committed to ensuring the next generation of women and girls deserve the opportunity to be champions. Our network spans all levels of sport and includes thousands – Olympians and professional athletes, collegiate and high school athletes, parents, coaches and administrators. Our goal is to protect the female category in sports for every woman and girl at every level.

Over the last few weeks, we have spoken with distraught student-athletes and their parents, coaches, and administrators throughout the Mountain West Conference (MWC) regarding a crisis in MWC women's volleyball. Currently, the MWC, an NCAA member athletic conference, of which all but one of your schools is a public university,[1] San Jose State University (SJSU), a California state university and MWC member school, and the National Collegiate Athletic Association (NCAA), are violating federal law by implementing and enforcing the NCAA transgender eligibility policies (TEP) and permitting a transgender-identifying male, Blaire Fleming, to compete on the SJSU women's volleyball team.

The SJSU women's volleyball team with Fleming competing is already 8-0 going into the first game of the MWC schedule this evening against Fresno State. Already one team, Southern Utah University, has withdrawn from a scheduled competition against SJSU rather than compete against the Fleming-led SJSU team. To protect your women student-athletes your school's team must do the same and more.

As you may know, ICONS is supporting an ongoing lawsuit brought by nineteen courageous women student-athletes against the NCAA and the University System of Georgia (USG) in federal district court in Georgia challenging the NCAA's egregious TEP and USG's implementation of the NCAA TEP in collegiate competitions in *Gaines, et al. v. NCAA, et al.*

Yesterday, Brooke Slusser, a senior co-captain on the SJSU women's volleyball team authorized the filing of an amended complaint in the *Gaines* lawsuit which sets forth her claims that the NCAA TEP is unlawfully allowing Fleming to compete on the SJSU women's volleyball team putting women at risk of physical injury in practices and games. Brooke Slusser describes

---

[1] Your school and the MWC are state actors subject to constitutional equal protection. As a recipient of federal funding your school is subject to Title IX. The MWC is subject to Title IX as an indirect recipient of federal funding and as a state actor. *See, e.g.*, *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922 (1982); *Williams v. Bd. of Regents of Univ. Sys. of Georgia*, 477 F.3d 1282 (11th Cir. 2007); *Barrs v. Southern Conference*, 734 F.Supp.2d 1229 (M.D. Ala. 2010); *Communities for Equity v. Michigan High School Athletic Association*, 80 F.Supp.2d 729 (W.D. Mich. 2000).

terrorizing practices and games in which a man is smashing volleyballs into the faces and bodies of young women at speeds of over 80 mph and making a mockery of fair competition.

Your disregard of federal law, support of the unlawful NCAA TEP, and authorizing males to compete on women's teams of MWC members is putting young women to whom you have an undeniable legal duty, including Fleming's teammates and women student-athletes at your school, at grave risk of concussions and other injuries, as well as denying women at your school their right to compete on equal terms in comparison to men and to win in college sports. You must act immediately to put a stop to the injustice which you are condoning and supporting.

In *United States v. Virginia* (*VMI*), 518 U.S. 515, 532–34 (1996), the U.S. Supreme Court, per Justice Ruth Bader Ginsberg, determined that sex-conscious policies must be based on biology, not stereotypes about sex, and must not disadvantage either sex. Judge Ginsberg recognized "enduring" and "inherent differences" between men and women to be a "cause for celebration," and prohibited these differences from being used as a method to "perpetuate . . . inferiority." State action that "closes a door or denies opportunity to women" must be supported by an "exceedingly persuasive" state justification. *Id*. The NCAA TEP, which allows men to rely upon their enduring and inherent athletic performance advantages to take women's opportunities and put them at physical risk, fails this test and the Supreme Court's direction in *VMI*.

It is past time for the MWC and for your universities to acknowledge the overwhelming scientific evidence demonstrating that male-female performance differences exist from the earliest stages. Study after peer-reviewed study has shown clear performance advantages for males in sport *pre-puberty*. Studies also clearly show that male advantage continues to exist even after attempts to suppress testosterone. **Therefore, due to enduring sex-based physical differences between men and women, the only way sport can be safe, fair and equal for women is to maintain a protected female category that excludes male competitors**. The moment male students-athletes are allowed to invade women's spaces and sports, whether based on "gender identity" or any other rationale, women are immediately discriminated against on the basis of sex in violation of Title IX and constitutional equal protection.

Additionally, allowing men in women's safe spaces including locker rooms violates Title IX, *see* 34 C.F.R. § 106.33 (requiring "separate" locker rooms for females), and the constitutional biological privacy protections recognized by the Supreme Court in the *VMI* case. (Please view the testimony of five *Gaines* case Plaintiffs, linked below, which describes their devastating experiences of being required to share a locker room with a male.).

You should also understand that following the *Gaines* lawsuit brought against the NCAA in federal court in Atlanta, Georgia, and supported by ICONS, the NCAA has been running for cover and will no longer support you, the MWC, or your university in implementing the NCAA's illegal TEP.

The NCAA used to tell member institutions that its TEP was mandatory, however, after being sued in the *Gaines* case NCAA President Charlie Baker recently wrote a letter to members of the United States Senate dated August 21, 2024, in which he claimed that the NCAA TEP is no longer mandatory. President Baker wrote in part:

> *"The NCAA's transgender student-athlete participation policy is not mandatory, and **federal, state and local laws supersede the Association's policy**. Schools may also choose to operate in a different way due to institutional values."*

In other words, *applying the illegal and scientifically indefensible NCAA TEP is now up to you and you alone*. You cannot expect any support from the NCAA if you are sued for constitutional or Title IX violations for implementing the NCAA TEP. This statement by President Baker fully guts any comprehensible rationale for the NCAA TEP. You and your University now implement the NCAA TEP at your direct legal peril.

The NCAA's August 21, 2024, legal retreat from its TEP is not surprising. The NCAA had previously sought to justify its policy by relying upon the Biden Administration Department of Education (DoE) Title IX Rule (promulgated early this year to be effective Aug. 30, 2024) which sought to equate "gender identity" to "sex" under Title IX and to require schools to mandate that school activities previously separated by sex be open to individuals on the basis of gender identity rather than sex.

This misguided legal theory of the Biden Administration, which undergirds the NCAA TEP, has during the months of July and August suffered an unequivocal legal defeat of epic proportions—seven district courts and three circuit courts of appeal have preliminarily enjoined enforcement of the DoE Rule because it is inconsistent with the clear meaning of Title IX.[2] The only outlier court was the Northern District of Alabama, and in that case the Eleventh Circuit

---

[2] *See*
*Tennessee v. Cardona,* No. 24-5588, 2024 WL 3453880 (6th Cir. Jul. 17, 2024) (denying DoE's motion for a partial stay of the district court's preliminary injunction that enjoined enforcement in Tennessee, Kentucky, Ohio, Indiana, Virginia, & W. Virginia)*;*
*Louisiana v. DOE,* No. 24-30399, 2024 WL 3452887 (5th Cir. Jul. 17, 2024) (denying motion for partial stay of district court's injunction that enjoined enforcement in Louisiana, Mississippi, Montana, & Idaho)*;*
*Oklahoma v. Cardona,* No. CIV-24-00461-JD, 2024 WL 3609109 (W.D. Okla. Jul. 31, 2024) (enjoining enforcement in Oklahoma)*;*
*Arkansas v. DOE,* No. 4:24-CV-636-RWS, 2024 WL 3518588 (E.D. Mo. July 24, 2024) (enjoining enforcement in Arkansas, Missouri, Iowa, Nebraska, N. Dakota, & S. Dakota)*;*
*Carroll Indep. Sch. Dist. v. DOE,* No. 4:24-cv-00461-O, 2024 WL 3381901 (N.D. Tex. Jul. 11, 2024) (partially enjoining enforcement in a specific school district)*;*
*Texas v. United States,* No. 2:24-CV-86-Z, 2024 WL 3405342 (N.D. Tex. Jul. 11, 2024) (enjoining enforcement against individual plaintiffs and state of Texas)*;*
*Kansas v. DOE,* No. 24-4041-JWB, 2024 WL 3273285 (D. Kan. Jul. 2, 2024) (enjoining enforcement in Kansas, Alaska, Utah, Wyoming, and in specific schools)*;*
*Tennessee v. Cardona,* No. 2:24-072-DCR, 2024 WL 3019146 (E.D. Ky. Jun. 17, 2024) (enjoining enforcement in Tennessee, Kentucky, Ohio, Indiana, Virginia, & West Virginia)*;*
*Louisiana v. DOE,* No. 3:24-CV-00563, 2024 WL 2978786 (W.D. La. Jun. 13, 2024) (enjoining enforcement in Louisiana, Mississippi, Montana, & Idaho)*.*

enjoined enforcement of the Rule pending appeal.[3] In fact, all nine Supreme Court Justices accept that the plaintiffs challenging the DoE Rule "were entitled to preliminary injunctive relief as to three provisions of the rule, including the central provision that newly redefines sex discrimination to include discrimination on the basis of sexual orientation and gender identity." *Dep't of Educ. v. Louisiana*, 144 S. Ct. 2507, 2509–10 (Aug. 16, 2024).

The blizzard of decisions enjoining the DoE Rule, with which the NCAA TEP is consonant, is the transparent motivator for the NCAA's legal retreat. And the NCAA's legal retreat leaves you, the MWC, and your school, holding the bag if you implement the NCAA TEP in any fashion or allow any male to compete on a women's team in collegiate competition.[4]

Policies allowing males to compete in female categories or access female locker rooms are simply untenable scientifically and legally. From the college athletes who have filed lawsuits against the NCAA to the high school girls fighting back in Connecticut, female athletes and their parents have found their voices.

We are watching closely the response of the MWC and each of your institutions. It is time for you to act to reject the NCAA TEP, to uphold the legal rights of the female student-athletes at each of your schools and to prevent men (whether trans-identifying or not) from competing in women's sport. We expect you to act immediately to comply with the law and your duty to protect your women athletes, this includes immediately finding Blaire Fleming (and any other male) ineligible to compete in MWC women's competitions, withdrawing from any competition in which any male competes, and public rejection of the NCAA TEP.

ICONS stands ready to support you in your efforts, we invite you to reach out with questions and concerns.

Respectfully,

ICONS Co-Founders
Kim Jones and Marshi Smith
Watch Georgia Senate Special Committee Hearing

---

[3] *Alabama v. U.S. Sec. of Edu.*, No. 24-12444, 2024 WL 3981994 (11th Cir. Aug. 22, 2024) (enjoining enforcement in Alabama, Florida, Georgia & S. Carolina).

[4] You should also be advised that at least half of the institutions comprising the Mountain West conference, including San Jose State, are under former federal court-ordered injunctions blocking the Biden Administration's attempted redefinition of sex (which is identical to the NCAA's attempted redefinition of sex).