## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-3155-SKC-MBD

BROOKE SLUSSER, *et al.*,

      Plaintiffs,

v.

THE MOUNTAIN WEST CONFERENCE, *et al.*,

      Defendants.

---

## UNOPPOSED MOTION FOR LEAVE TO FILE AN EMERGENCY MOTION FOR A PRELIMINARY INJUNCTION IN EXCESS OF FIFTEEN PAGES

---

Plaintiffs Kaylie Ray, Macey Boggs, Sierra Grizzle, Jordan Sandy, Katelyn Van Kirk and Kiersten Van Kirk (collectively the "Plaintiffs") by and through their counsel, respectfully requests leave of this Court to file an Emergency Motion for a Preliminary Injunction (the "Motion") that exceeds fifteen pages. In support of its Motion, Plaintiffs state as follows:

1.    On November 13, 2024, Plaintiffs filed their Complaint for Damages, Declaratory and Injunctive Relief against Defendants The Mountain West Conference ("MWC"), Gloria Nevarez ("Nevarez"), Board of Trustees of the California State University ("CSU Board"), Laura Alexander ("Alexander"), Todd Kress ("Kress"), and Michelle McDonald Smith ("Smith") (collectively, the "Defendants") (ECF No. 1).

2.    Plaintiffs' Complaint addresses, in part, the upcoming MWC Women's Volleyball Tournament scheduled to begin on November 27, 2024. The MWC teams

that will compete are the top six teams in the MWC who are seeded based on interconference win-and-loss record.

3.      This season, however, MWC, has awarded wins and losses by enforcing its new Transgender Participation Policy ("MWC TPP"). The new policy was adopted to penalize MWC women's volleyball teams that refused to play one or more volleyball matches against the San Jose State University women's volleyball team ("SJSU Team") because the SJSU team rostered a male[1] who identifies as transgender. Pursuant to the MWC TPP, the MWC policy awarded each team a loss for their boycotts of their scheduled matches against the SJSU Team.

4.      SJSU's decision to do so violated Title IX's mandate of equal opportunity for women in collegiate athletics. The MWC's TPP protecting SJSU's Title IX violations also violates Title IX. Adopting and enforcing the MWC TPP is also an act of viewpoint discrimination in violation of the First Amendment that penalizes the expressive activity of boycott and accompanying speech.

5.      Plaintiffs forthcoming Motion seek injunctive relief against three of the defendants in this case: the MWC, Gloria Nevarez in her official capacity as Commissioner of the MWC, and Todd Kress in his official capacity as the Head Coach

---

[1] All references to "sex" "man" woman' "male" and "female" in this Motion are references to a person's immutable "biological sex" and not a person's "gender identity." *See Bostock v. Clayton Cnty., Ga.*, 590 U.S. 644, 655 (2020) ("sex" "refer[s] only to biological distinctions between male and female").

of the SJSU Team.[2] Specifically, Plaintiffs will ask that the Court order these Defendants to:

    a.  Rescind the portion of MWC Transgender Participation Policy ("MWC TPP") that creates forfeits and wins and losses for a cancelled or non-played conference game where a member of the non-canceling team is a "transgender student-athlete";

    b.  Rescind the wins granted to the SJSU women's volleyball team ("SJSU Team") and the losses assigned via the MWC TPP to the team which did not play the SJSU Team;

    c.  Order that for the purpose of calculating winning percentage to determine the six teams eligible to compete in the MWC 2024 women's volleyball team the six wins previously assigned to SJSU by operation of the MWC TPP and the six losses previously assigned by operation of the MWC TPP to teams which canceled women's volleyball games with SJSU will not be relied upon in calculating the final MWC women's volleyball standings and team winning percentages (meaning that SJSU will have fewer wins and fewer games played and that the four teams that canceled games with SJSU will have fewer losses and fewer games played), and

---

[2] The CSU Board is the only legal entity that may be named in a civil suit brought against an institution within the California State University System, including San Jose State University and all employees sued in their official capacity as San Jose State University officials.

    d. Enjoin the SJSU from continuing to roster student-athlete Blaire Fleming because Fleming has been continuously ineligible to play women's volleyball pursuant to Title IX as Fleming's sex is male and is therefore ineligible to play in, and will not be permitted by the MWC to play in, the 2024 MWC women's volleyball tournament.

6. The Court's Uniform Civil Practice Standard 10.1(c)(1) provides that motions should be 15 pages of text. Civil Practice Standard 10.1(c)(5) provides that a Court may allow an exception to this rule "where appropriate and for good cause."

7. Plaintiffs respectfully request leave of Court to file an Emergency Motion for a Preliminary Injunction that exceeds the 15-page page limit as set forth in the Court's Uniform Civil Practice Standards.

8. Excluding the case caption, table of contents, signature block, certificate of service, certificate of conferral, and artificial intelligence certificate and accompanying exhibits, Plaintiffs' Motion is no more than 35 pages long.

9. Good cause exists for Plaintiffs to exceed the page limit. Plaintiffs' Motion will describe the NCAA's Transgender Eligibility Policy, which the MWC applies, why the NCAA's TEP deprives women of equal opportunity in collegiate women's volleyball, the history of SJSU's Team rostering a biological male who identifies as transgender, the history of MWC Teams boycotting matches against the SJSU Team, the history of the MWC adoption of its new Transgender Participation Policy, and how the MWC TPP has caused MWC schools to silence protest against the participation of a man in MWC women's volleyball matches.

10.  In addition to the comprehensive factual background, the Motion explains why Plaintiffs meet the four factors required for injunctive relief, including detailed assessments of Title IX, the Equal Protection Clause, and the First Amendment.

11.  To adequately address the law and facts supporting Plaintiffs' forthcoming Motion, Plaintiffs require a motion that exceeds the 15-page limit. Plaintiffs' Motion exceeds this limit by 20 pages.

12.  On November 14, 2024, counsel for Plaintiffs spoke by phone to counsel for SJSU regarding this Motion, and communicated by email to counsel for the MWC regarding this Motion. Both counsel stated that they take no position on the Motion, will not oppose the Motion, but seek reciprocal relief from the page limit when they appear file their response.

WHEREFORE, Plaintiffs respectfully request leave of the Court to file its Emergency Motion for a Preliminary Injunction in excess of the 15-page limit, and up to and including 35 pages in length.

DATED: November 14, 2024          */s/ William Bock III*
                                  William Bock III, CO Atty. No. 45633
                                  Justin R. Olson, IN No. 31450-49
                                  Kroger Gardis & Regas, LLP
                                  111 Monument Circle, Suite 900
                                  Indianapolis, IN 46204
                                  Tel: (317) 692-9000
                                  Fax: (317) 264-6832
                                  E-mail:   wbock@kgrlaw.com
                                  E-mail:   jolson@kgrlaw.com

                                  ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that on November 14, 2024, a true and correct copy of the foregoing was filed electronically and served by electronic mail to the following parties who have not yet appeared in this case:

The Mountain West Conference
Wesley R. Powell
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099
wpowell@willkie.com

Board of Trustees of the California University System
Bryan Heckenlively
Munger Tolles & Olson
560 Mission Street, 27th Floor
San Francisco, CA 94105
bryan.heckenlively@mto.com

_/s/ William Bock III_
William Bock III, CO Atty. No. 45633

## CERTIFICATION OF CONFERRAL

Pursuant to the District of Colorado's Local Rule 7.1(a), the undersigned certifies that Plaintiffs have made good-faith effort to confer with Defendants regarding this motion. On November 14, 2024, I spoke by phone to counsel for San Jose State University regarding this Motion and communicated by email to counsel for the MWC regarding this motion. Both counsel stated that they take no position on this motion, will not oppose this motion, but seek reciprocal relief from the page limit when they file their response to the Emergency Motion for a Preliminary Injunction.


*/s/ William Bock III*
William Bock III, CO Atty. No. 45633

## ARTIFICIAL INTELLIGENCE CERTIFICATION

I certify that no portion of this filing was drafted by artificial intelligence.

*/s/ William Bock III*
William Bock III, CO Atty. No. 45633