IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 24-cv-3155-SKC-MDB

BROOKE SLUSSER, *et al.*,

    *Plaintiffs*,

v.

THE MOUNTAIN WEST CONFERENCE, *et al.*

    *Defendants*.

**OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE CORRECTED EMERGENCY MOTION FOR PRELIMINARY INJUNCTION**

The Board of Trustees of California State University, Laura Alexander, Todd Kress, and Michelle Smith McDonald[1] (the "CSU Defendants") oppose Plaintiffs' motion for leave to file a "corrected" motion for preliminary injunction.[2]

Plaintiffs' motion is not entirely forthcoming about what they are asking the Court to do. They say they are making a technical correction to "clarify what was always implicit." (Mot. ¶ 9.) What they are actually trying to do is amend their preliminary injunction motion to add an entirely new party to the motion the day before oppositions are due. They had already inexplicably decided to wait until just days before the Mountain West Conference Tournament to seek relief that they could have sought in September—at the latest. Now, four days after first informing the Court and parties that their emergency motion would seek relief against only the Mountain West Conference, Commissioner Gloria Nevarez, and Coach Todd Kress, and three days after confirming the same in the emergency motion itself, they are here asking the Court to allow them to file a "corrected" motion to fix a substantive legal error.

---

[1] Defendants erroneously refer to Ms. Smith McDonald as "Michelle McDonald Smith" in their complaint and other materials.

[2] The CSU Defendants submit this opposition without waiving their objections to personal jurisdiction or otherwise consenting to personal jurisdiction.

1

On November 14, in their motion for leave to file an overlong brief, Plaintiffs plainly stated that their forthcoming preliminary injunction motion would "seek injunctive relief against *three* of the defendants in this case: the MWC, Gloria Nevarez in her official capacity as Commissioner of the MWC, *and Todd Kress in his official capacity as the Head Coach*." ECF. No. 8 at 2-3 (emphasis added). In the preliminary injunction motion itself the next day, Plaintiffs again stated that they "move the Court to enter a Preliminary Injunction against "the MWC, Gloria Nevarez in her official capacity, *and Todd Kress in his official capacity*." ECF No. 14 at 4 (emphasis added). Far from "implicit" notice that Plaintiffs were seeking injunctive relief against the Board of Trustees of California State University, this was actually *explicit* confirmation they were seeking relief against "three" other Defendants only.[3]

This matters because Plaintiffs' correction is not just a minor technical one. Plaintiffs now want to seek emergency injunctive relief against an entirely new party, the Board of Trustees of California State University. Plaintiffs appear to have belatedly realized that their motion against Coach Kress had multiple fatal flaws that do not apply to the Board: Coach Kress is not a proper Title IX defendant, *see, e.g., Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 257 (2009),

---

[3] It is irrelevant that the complaint includes claims against the Board. *Cf.* Mot. ¶ 9. The portions of Plaintiffs' filings quoted in this paragraph explain that Plaintiffs are seeking emergency relief only as to a subset of the named Defendants.

2

and Plaintiffs' complaint does not actually plead a Title IX claim against him.[4]  This has nothing to do with the irrelevant Eleventh Amendment arguments discussed in Plaintiffs' Motion.  The Board is not arguing that Title IX claims are not permitted against the Board in general (*cf.* Mot. ¶ 7) but instead that Plaintiffs did not actually file a motion seeking relief from the Board in this case.  Plaintiffs should not be rewarded with a do-over.

Plaintiffs' delay is inexcusable and prejudicial.  As Defendants will explain in their responses, Plaintiffs have manufactured this entire "emergency" by waiting as many as *seven months* to file their preliminary injunction motion after public reports first emerged that an allegedly transgender woman played for San Jose State University's women's volleyball team.  And there is no doubt about Plaintiffs' own knowledge; teams have refused to play San Jose State University since at least September.  As a result of Plaintiffs' delay in bringing their motion, Defendants had just four calendar days to prepare and file a response to nearly 600 *pages* of Plaintiffs' motion and supporting materials.  If granted, Plaintiffs' motion for leave

---

[4] To be clear, there are *other* fatal flaws in Plaintiffs' Title IX theory that apply equally to the Board and Coach Kress.  As Defendants will explain in their opposition to the emergency motion for preliminary injunction, those flaws also require denial of the emergency motion without any need to delve into the factual record or expert materials Plaintiffs have submitted or may want to present at the hearing.

3

would further abridge that already too-short time and give the Board less than 36 hours to prepare a response to this complex and voluminous set of materials. *See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 432 n.7 (1974) ("The notice required by Rule 65(a) before a preliminary injunction can issue implies a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition."); *Four Seasons Hotels And Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1211 (11th Cir. 2003) (holding that a defendant did not have adequate notice of a preliminary injunction because "[t]he two day notice period provided insufficient time to read the pertinent documents, obtain and consult with counsel, and locate witnesses or obtain affidavits supporting Appellants' position").

The Court should immediately deny the motion and require Plaintiffs to proceed on the emergency motion they filed–or not at all.[5]

---

[5] The CSU Defendants would object to modifying the briefing or hearing schedule to account for a "corrected" motion. That further delay would prejudice all of the individuals and teams preparing for the tournament next week. If the Court is inclined to allow the "corrected" motion, Defendants Kress and the CSU Board of Trustees will respond to it on the current schedule.

4

Respectfully submitted this 18th day of November 2024,

                                  MUNGER, TOLLES & OLSON LLP

                                  */s/ Bryan Heckenlively*

Bryan H. Heckenlively
Jennifer L. Bryant
Helen E. White
560 Mission Street
San Francisco, CA 94105
(415) 512-4000
bryan.heckenlively@mto.com

Attorneys for Defendants Board of Trustees of California State University, Laura Alexander, Todd Kress, and Michelle McDonald Smith

5

**<u>Certification Regarding the Use of Artificial Intelligence</u>**

I certify that no portion of this filing was drafted by artificial intelligence.

>                     */s/ Bryan H. Heckenlively*
>                       Bryan H. Heckenlively

# PROOF OF ELECTRONIC SERVICE
*Slusser v. The Mountain West Conference*
Civil Action No.: 24-cv-3155-SKC-MDB

I, Jing Jin, not a party to the within action, hereby declare that on November 18, 2024, a copy of the **OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE CORRECTED EMERGENCY MOTION FOR PRELIMINARY INJUNCTION** was served on all parties who have appeared in the above-captioned matter electronically via ECF and on the following parties via electronic mail:

Wesley R. Powell
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099
wpowell@willkie.com

*Counsel for Defendant The Mountain West Conference and Gloria Nevarez,*

*in her official capacity as the Commissioner of The Mountain West Conference*

I declare under penalty of perjury the foregoing to be true and correct.

Executed at San Francisco, California, on November 18, 2024.

*/s/ Jing Jin*
Jing Jin