IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:24-cv-031155-SKC-MDB

BROOKE SLUSSER, et al.,

    Plaintiffs,

v.

THE MOUNTAIN WEST CONFERENCE, et al.,

    Defendants.

**MINUTE ORDER RE MOTION FOR LEAVE TO FILE CORRECTED EMERGENCY MOTION FOR PRELIMINARY INJUNCTION (DTK. 17)**

    ORDER on Plaintiffs' Motion for Leave to File Corrected Emergency Motion for Preliminary Injunction and Corrected Appendix to Motion (Motion). Dkt. 17. The Motion, filed at 10:37 PM MST yesterday, seeks leave to file an amended Emergency Motion for Preliminary Injunction to "add[ ] 'the Board of Trustees of the California State University' to the list of Defendants on page 1 and 2 of the [Emergency Motion]." *Id.* at ¶10. Plaintiffs argue their proposed amendment "seeks to clarify what was always implicit in the parties' meet and confers and in the [Emergency] Motion itself, and what was explicit in the Complaint . . . ." *Id.* at ¶9.

    Defendants the Board of Trustees of California State University (CSU Board), Laura Alexander, Todd Kress, and Michelle Smith McDonald (collectively, "CSU Defendants") filed their Response to the Motion today at 12:06 AM MST. Dkt. 18. The CSU Defendants oppose the Motion because they claim it seeks to add a defendant to the preliminary injunction motion and "Plaintiffs' delay is inexcusable and prejudicial." Dkt. 18, pp.1, 3. Plaintiffs filed a Reply arguing they are not amending their motion to add a new party, but rather, they seek only "to articulate in form what has always been clear in the substance of the Complaint and the Emergency Motion." Dkt. 19, p.2.

When Plaintiffs filed their motion to increase the page limitations for their Emergency Motion, they plainly stated they would be seeking injunctive relief "against three of the defendants in this case: the MWC, Gloria Nevarez in her official capacity as Commissioner of the [Mountain West Conference], and Todd Kress in his official capacity as the Head Coach of the [San Jose State University] Team." Dkt. 8, ¶5. Then, in the Emergency Motion, Plaintiffs repeated they sought a preliminary injunction against those same three defendants only—"the MWC, Gloria Nevarez in her official capacity, and Todd Kress in his official capacity . . . ." Dkt. 14, p.1. Although the Complaint at times indicates Plaintiffs would seek emergency relief from both MWC and the CSU Board, on these two separate occasions after the filing of the Complaint, Plaintiffs did not indicate they were continuing to seek emergency relief from the CSU Board. *See ML Fashion, LLC v. Nobelle GW, LLC*, No. 3:21-CV-00499 (JCH), 2022 WL 1796993, at *8 (D. Conn. June 2, 2022) (it is not the court's role to second guess counsel's litigation strategy).

While Plaintiffs reply, "[t]he Complaint and the Emergency Motion for Preliminary Injunction clearly and plainly identified the injunctive relief requested in a manner that is plausible on its face," the Court finds the injunctive relief sought in the Complaint and the Emergency Motion are not identical. *Compare* Dkt. 1, ¶632 *with* Dkt. 14, pp.2-3. Nor are the Defendants named in the Complaint identical to those from whom injunctive relief is sought in the Emergency Motion. *See* Dkt. 14, p.1 (omitting the Board of Trustees of the California State University; Laura Alexander, in her individual capacity and in her official capacity as the Senior Associate Athletic Director for Student-Athlete Wellness and Leadership Development at San Jose State University; Todd Kress, in his individual capacity; and Michelle Smith McDonald, in her individual capacity and in her official capacity as the Senior Director of Media Relations at San Jose State University).

The other problem is the Motion seeks to amend the Emergency Motion in the midst of an emergency briefing schedule. The Court has worked to expedite resolution of the Emergency Motion in light of the November 27 MWC Women's Volleyball Tournament. This has included an expedited and tight briefing schedule with the affected Defendants' response due today (affording them only four days to respond) and an evidentiary hearing on Thursday. It is not clear to the Court that the proposed correction is merely cosmetic such that the change would not alter the current and already truncated emergency course. *See* Fed. R. Civ. P. 1 (The Rules "should be

construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

To amend the Emergency Motion to include the CSU Board at this late juncture (in relation to the emergency relief sought) would be prejudicial and would only allow that defendant less than 26 hours (from the filing of Plaintiffs' instant Motion) to prepare a responsive pleading, and a short time to prepare for the hearing. This is inadequate notice to the CSU Board under Fed. R. Civ. P. 65(a) after Plaintiffs represented twice in writing that the emergency relief they sought was only against MWC, Gloria Nevarez in her official capacity, and Todd Kress in his official capacity.

The Motion is DENIED.

DATED: November 19, 2024.