IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-03155-SKC-MDB

BROOKE SLUSSER, et al.,

    Plaintiffs,

v.

THE MOUNTAIN WEST CONFERENCE, et al.,

    Defendants.

## PLAINTIFF-INTERVENOR'S PARTIAL JOINDER IN PLAINTIFF'S EMERGENCY MOTION FOR PRELIMINARY INJUNCTION

Utah State University (USU) joins, in part, Plaintiffs' Emergency Motion for Preliminary Injunction (Motion) filed on November 15, 2024. Specifically, USU joins only in the portion of the Motion that seeks injunctive relief against Defendant Mountain West Conference (MWC) related to the claim that the MWC's Transgender Participation Policy (TPP) violates Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-1688 (Title IX).

To obtain a preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure, the movant must show that:

> (1) the movant is substantially likely to succeed on the merits; (2) the movant will suffer irreparable injury if the injunction is denied; (3) the movant's threatened injury outweighs the injury the opposing party will suffer under the injunction; and (4) the injunction would not be adverse to the public interest.

*Fish v. Kobach*, 840 F.3d 710, 723 (10th Cir. 2016) (internal brackets and quotations omitted) (citing *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067 (10th Cir. 2009)).

Here, USU is entitled to injunctive relief against the MWC with respect to its Title IX claim.

1

First, USU is likely to succeed on the merits of its Title IX claim against the MWC. As explained more fully in the Motion, Title IX requires sex-based distinctions when necessary to ensure equal opportunity for female student athletes. *See, e.g., Roberts v. Colorado State Bd. of Agric.*, 998 F.2d 824, 828 (10th Cir. 1993) (in the context of college athletics, "an institution may violate Title IX simply by failing to accommodate effectively the interests and abilities of student athletes of both sexes"). The TPP runs counter to this federal mandate and ignores relevant sex-based distinctions. The MWC has used the TPP to eliminate opportunities for USU's female student athletes by causing USU to forfeit a volleyball match, which directly and adversely impacts postseason opportunities for USU and its female student athletes. With the conference tournament taking place later this month, USU will be further harmed without injunctive relief.

Next, USU will suffer irreparable harm that cannot be adequately compensated after the fact by monetary damages if the MWC is allowed to continue enforcing the TPP. USU and its volleyball team have been forced to take a loss for refusing to play San Jose State University (SJSU). This loss affects USU's seeding in the conference tournament and decreases the likelihood that USU will qualify for the NCAA tournament. And, under existing rules, if USU faces SJSU in the conference tournament and elects not to play, USU will be eliminated from the tournament. Thus, USU and its female student athletes have been, and will continue to be, harmed through loss of opportunities—the very harm that Title IX was intended to remedy—if the MWC is allowed to continue enforcing the TPP. The lost opportunity for USU and its female student athletes is not a harm that can be compensated by monetary damages.

Finally, the threatened injury outweighs any harm to the MWC, and that an injunction against the MWC will not adversely affect the public interest. The threatened injury of loss of federal protections for female student athletes is more important than any interest that the MWC

2

may have in enforcing the TPP. Similarly, injunctive relief that preserves federal protections cannot adversely affect the public interest.

Based on the foregoing, USU joins Plaintiffs' request for injunctive relief against the MWC, seeking to rescind the loss that USU was given for refusing to play SJSU, and seeking to prevent the MWC from enforcing the TPP's forfeiture provisions in the upcoming conference tournament.

Respectfully submitted this 18th day of November 2024.

/s/ Andrew Nussbaum
Andrew Nussbaum
First & Fourteenth PLLC
2 N. Cascade Ave., Suite 1430
Colorado Springs, CO 80903
Telephone: 719-428-2386
Email: andrew@first-fourteenth.com

and

Sean D. Reyes
Utah Attorney General
/s/ Stanford Purser
Stanford Purser (admission pending)
Office of the Utah Attorney General
160 E. 300 S., 5th Floor
Salt Lake City, Utah 84111
Telephone: 801-366-0533
Email: spurser@agutah.gov

*Counsel for Intervenor-Plaintiff Utah State University*

3

## Certificate of Service

I certify that on November 18, 2024, a true and correct copy of the foregoing Partial Joinder was filed electronically. Notice of this filing was served by operation of the Court's electronic filing system on the following parties who have appeared in this case.

Bryan Heckenlively
Helen E. White
Munger Tolles & Olson, LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105
bryan.heckenlively@mto.com
helen.white@mto.com

*Counsel for Board of Trustees of the California University System, Laura Alexander, and Todd Kress*

Wesley R. Powell
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099
wpowell@willkie.com

*Counsel for the Mountain West Conference*

/s Andrew Nussbaum
Andrew Nussbaum
First & Fourteenth PLLC
2 N. Cascade Ave., Suite 1430
Colorado Springs, CO 80903
Telephone 719-428-2386
Email: andrew@first-fourteenth.com

4

## Certificate of Conferral

This is a partial joinder to Plaintiffs' Emergency Motion for a Preliminary Injunction. The certificate of conferral filed with that motion sets forth Plaintiffs' counsel efforts to confer with Defendants regarding the motion. It further states that the MWC and SJSU would not agree to the relief requested in the motion. USU presumes that those parties would likewise not agree to the relief requested herein.

/s Stanford Purser
Stanford Purser (admission pending)
Office of the Utah Attorney General
160 E. 300 S., 5th Floor
Salt Lake City, Utah 84111
Telephone 801-366-0533
Email: spurser@agutah.gov

## Artificial Intelligence Certification

I certify that no portion of this filing was drafted by artificial intelligence.

/s Stanford Purser
Stanford Purser (admission pending)
Office of the Utah Attorney General
160 E. 300 S., 5th Floor
Salt Lake City, Utah 84111
Telephone 801-366-0533
Email: spurser@agutah.gov