IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-03155-SKC-MDB

BROOKE SLUSSER, *et al.*,
Plaintiffs,

v.

THE MOUNTAIN WEST CONFERENCE, *et al.*,
Defendants.

## DEFENDANTS THE MOUNTAIN WEST CONFERENCE AND GLORIA NEVAREZ'S MOTION IN LIMINE TO EXCLUDE PLAINTIFFS' EXPERT REPORTS AND TESTIMONY

Defendants The Mountain West Conference (the "MWC") and Gloria Nevarez (collectively, "Defendants" or "MWC") respectfully submit this motion in limine to exclude Plaintiffs' expert reports and testimony.[1]

## I. INTRODUCTION

The emergency circumstances under which moving Plaintiffs filed their "emergency motion" for a preliminary injunction (the "Motion") are a creation of the

---

[1] **D.C.COLO.LCivR 7.1(a) Certificate of Conferral**: The relief sought in this motion was raised during a conferral call with all counsel, convened at 1:00 p.m. on November 19, 2024. This morning, via email, counsel for MWC confirmed with counsel for the moving Plaintiffs and counsel for interventor-plaintiff Utah State University ("USU") that MWC would be seeking to exclude moving Plaintiffs' expert reports and testimony. MWC presumes that moving Plaintiffs and USU oppose, but further conferral was not possible given the compressed briefing and hearing schedule. Counsel for MWC will be prepared to discuss this issue at the status conference set for 1:00 p.m. today.

moving Plaintiffs' own maneuvering. The issues raised by Plaintiffs' Motion became ripe long ago. But Plaintiffs did not file their lawsuit and Motion when those issues became ripe. Plaintiffs lay in wait, preparing for Thursday's hearing *before* filing their case: they hired three expert witnesses, drafted voluminous and technical expert reports, and readied their experts for lengthy trial testimony. There can be no doubt, this approach was tactical on the part of Plaintiffs. They knew MWC would have no ability to conduct any expert discovery or to locate its own experts in advance of the case dispositive hearing now set for tomorrow.

Neither the just administration of court-business nor basic fairness are served by Plaintiffs' approach. The MWC has virtually no ability to challenge these experts or their conclusions, or to avail itself of any of the procedural safeguards afforded by the Federal Rule of Civil Procedure. The Court should not permit Plaintiffs to offer any expert testimony—live or otherwise—in support of their "emergency motion" for two reasons.

*First*, moving Plaintiffs delayed filing suit to achieve this tactical advantage. As their 500-page submission of last Friday reveals, during that delay, they retained three experts and prepared expert declarations concerning subjects of exceeding complexity. They prepared these same experts to offer more than *two hours* of testimony on direct examination. Only then, they filed their lawsuit on the eve of the Mountain West Conference Volleyball Championship, knowing full well MWC would have no time to rebut these experts. They were right. Plaintiffs' delay

2

left MWC with just four days to respond to their broad technical fact positions. Plaintiffs' tactical delay should not be rewarded with hours of testimony MWC has had no meaningful opportunity to test or rebut.

*Second*, this voluminous testimony will not be helpful to the trier of fact—this Court—because it is not relevant to the success of Plaintiffs' Title IX claims. As explained in the briefs filed late yesterday, MWC is not a state actor, is not subject to Title IX, and Plaintiffs' claims fail as a matter of law. No expert testimony can change that.

II.     **ARGUMENT**

    A.     **MWC Has Not Had Adequate Notice of Plaintiffs' Expert Reports and Testimony.**

This Court should exclude Plaintiffs' experts from the hearing because Plaintiffs' expert testimony would violate Federal Rule of Civil Procedure 65. Under Rule 65, before a preliminary injunction can issue, the defendant must have a "fair opportunity to oppose the application and to prepare for such opposition." *Granny Goose Foods, Inc. v. Bd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 432 n.7 (1974); *see also* Fed. R. Civ. P. 65(a)(1). A court abuses its discretion if it issues a preliminary injunction without giving the defendant a meaningful opportunity to investigate and marshal evidence in support of its defenses. *Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1211 (11th Cir. 2003) (holding that defendants did not have adequate notice of a preliminary injunction because "[t]he two day notice period provided insufficient

3

time to read the pertinent documents, obtain and consult with counsel, and locate witnesses or obtain affidavits supporting [defendants'] position"); *Marshall Durbin Farms, Inc. v. Nat'l Farmers Org., Inc.*, 446 F.2d 353, 356 (5th Cir. 1971) (holding that defendants did not have adequate notice of a preliminary injunction because defendants were placed in an "impossible position insofar as both preparing and presenting an effective response to the motion" given the volume of evidence and the short timeline).

In this case, moving Plaintiffs filed over 500 pages of evidence in support of their Motion, including three expert declarations, just two days after Plaintiffs filed their complaint, just six days before the hearing, and just four days before Defendants' responses were due. It would be unreasonable and prejudicial to expect MWC to capably respond to Plaintiffs' expert declarations and testimony given the volume of evidence they intend to offer and the now modest timeframes necessarily at play.

This truncated timeline and associated prejudice to Defendants was avoidable: As explained in MWC's opposition brief, Plaintiffs could have brought their complaint or action months ago. The fact that they had multiple experts "locked and loaded" for lengthy examinations confirms that Plaintiffs have been planning to bring this lawsuit and this Motion for some time yet declined to do so until the last possible minute. The Court should exclude the expert reports and testimony for that reason alone. *See Kisaka v. Univ. of S. California*, 2012 WL

4

12951434, at *3 (C.D. Cal. Aug. 3, 2012) ("Courts have [stricken] affidavits filed late by the moving party because the non-moving party has had no opportunity to review or refute them.").

### B. Plaintiffs' Experts Will Not Help this Court Determine Whether Plaintiffs Are Entitled to Emergency Relief.

The Court should exclude moving Plaintiffs' expert witnesses because none of those experts will offer an opinion pertaining to moving Plaintiffs' right to emergency injunctive relief. This Court has broad discretion to exclude evidence that is "not material to the preliminary injunction sought." *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1313 (11th Cir. 1998). Dr. Lundberg opines on "male versus female performance differences," App. at 359; Dr. Carlson on the "competitive fairness" of "the NCAA's transgender eligibility policies," *id.* at 472–73; and Caleb Miller on the publication date of the PDF of the Mountain West Conference Transgender Participation Policy, *id.* at 504. Those opinions are immaterial here because, as MWC explains in its opposition brief, Plaintiffs' Title IX claims fail as a matter of law, *regardless* of the substance of this testimony. *See* Docket No. 27 at 27 – 32. Efficiency counsels against spending hours of hearing time on technical, fact-intensive testimony that cannot possibly cure the fatal flaws in moving Plaintiffs' motion for emergency relief.

### III. CONCLUSION

For the reasons set forth above, the Court should exclude moving Plaintiffs' expert reports and testimony.

5

Respectfully submitted this 20th day of November, 2024,

        By: */s/ Chad D. Williams*
            Chad D. Williams
            Kyler K. Burgi
            DAVIS GRAHAM & STUBBS L.L.P. 1550 17th
            Street, Suite 500
            Denver, Colorado 80202
            Telephone: 303.892.9400
            Email: chad.williams@davisgraham.com
                  kyler.burgi@davisgraham.com

            Wesley R. Powell (admission pending)
            WILLKIE FARR & GALLAGHER L.L.P.
            787 Seventh Avenue
            New York, New York 10019
            Telephone: 212.728.8264
            Email: wpowell@willkie.com

            Matt D. Basil (admission pending)
            WILLKIE FARR & GALLAGHER L.L.P.
            300 North LaSalle Dr.
            Chicago, Illinois 60654
            Telephone: 312.728.9020
            Email: mbasil@willkie.com

            *Counsel for Defendants The Mountain*
            *West Conference and Gloria Nevarez*

## CERTIFICATION REGARDING THE USE OF ARTIFICIAL INTELLIGENCE

I certify that no portion of this filing was drafted by artificial intelligence.

Dated: November 20, 2024

By: */s/ Chad D. Williams*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of November, 2024, the foregoing **DEFENDANTS THE MOUNTAIN WEST CONFERENCE AND GLORIA NEVAREZ'S MOTION IN LIMINE TO EXCLUDE PLAINTIFFS' EXPERT REPORTS AND TESTIMONY** was filed and served via CM/ECF to all counsel of record.

By: */s/ Chad D. Williams*