IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 24–cv–03155–SKC–MDB

BROOKE SLUSSER,
ALYSSA SUGAI,
ELLE PATTERSON,
MELISSA BATIE-SMOOSE,
ALEAH LIILII,
NICANORA CLARKE,
KAYLIE RAY,
MACEY BOGGS,
SIERRA GRIZZLE,
JORDAN SANDY,
KATELYN VAN KIRK, and
KIERSTEN VAN KIRK,

    Plaintiffs,

v.

THE MOUNTAIN WEST CONFERENCE,
GLORIA NEVAREZ, in her official capacity as the Commissioner of the Mountain West Conference,
BOARD OF TRUSTEES FOR THE CALIFORNIA STATE UNIVERISTY,
LAURA ALEXANDER, in her individual capacity and in her official capacity as the Senior Associate Athletic Director for Student-Athlete Wellness and Leadership Development at San Jose State University,
TODD KRESS, in his individual capacity and official capacity as the head coach of the San Jose State University Women's Volleyball Team, and
MICHELLE MCDONALD SMITH, in her individual capacity and in her official capacity as the Senior Director of Media Relations at San Jose State University,

    Defendants.

**ORDER SETTING INITIAL CASE DEADLINES**

This case has been referred to Magistrate Judge Maritza Dominguez Braswell by District Judge S. Kato Crews, pursuant to the Order of Reference filed November 14, 2024. *See* 28 U.S.C. §636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b).

**IT IS HEREBY ORDERED:**

(1)  A Scheduling Conference **will not be set <u>unless</u>:**

   a. The Court determines that a Scheduling Conference is necessary for any reason including, clarification, efficiencies, or to avoid unnecessary delays based on the parties' proposed discovery deadlines; <u>or</u>

   b. The parties file a Proposed Scheduling Order *With Disputed Issues*, pursuant to Section (4) below.

(2)  The parties shall submit their Proposed Scheduling Order, pursuant to District of Colorado Electronic Case Filing ("ECF") Procedures, on or before:

**January 6, 2025.**

A copy of instructions for the preparation of a scheduling order and a form scheduling order can be downloaded from the Court's website at www.cod.uscourts.gov/CourtOperations/RulesProcedures/Forms.aspx.

(3)  The parties shall prepare the appropriate Proposed Scheduling Order in accordance with the Court's form.

(4)  In the event the parties disagree on any deadline or limitation, they shall file a Proposed Scheduling Order **with competing deadlines and/or proposals**, **and alert the Court to the fact that there are disputed issues by using the following title in the Docket Text: "<u>Proposed Scheduling Order *With Disputed* Issues</u>"**

(5)  The parties shall confer in accordance with Fed. R. Civ. P. 26(f). The parties may meet by telephone conference. All parties are jointly responsible for arranging and attending the Rule 26(f) meeting.

(6)  During the Rule 26(f) meeting, the parties shall:
   a. discuss the nature and basis of their claims and defenses,
   b. make or arrange for the disclosures required by Fed. R. Civ. P. 26(a)(1),
   c. develop their proposed scheduling/discovery plan,
   d. discuss the possibility of informal discovery, such as conducting joint interviews with potential witnesses, joint meetings with clients, depositions via telephone, or exchanging documents outside of formal discovery, and

(7) In those cases in which:
- e. discuss the need for any special arrangements such as site visits, protective orders, interpreters, etc., and
- f. discuss the possibilities for a prompt settlement or resolution of the case.

(7) In those cases in which:
- a. the parties' substantive allegations involve extensive computer-generated records; or
- b. a substantial amount of disclosure or discovery will involve information or records in electronic form (*i.e.*, e-mail, word processing, databases); or
- c. expert witnesses will develop testimony based in large part on computer data and/or modeling; or
- d. any party plans to present a substantial amount of evidence in digital form at trial,

the parties shall confer regarding steps they can take to preserve computer records and data, facilitate computer-based discovery and who will pay costs, resolve privilege issues, limit discovery costs and delay, and avoid discovery disputes relating to electronic discovery.

(8) The parties shall provide a brief overview of these issues and any agreed upon arrangements, in the Proposed Scheduling Order.

(9) Sections (5) through (7) above set forth the minimum requirements for the Rule 26(f) meeting. The parties are encouraged to have a comprehensive discussion and are required to approach the meeting cooperatively and in good faith. The parties are reminded that the purpose of the Rule 26(f) meeting is to expedite the disposition of the action, discourage wasteful pretrial activities, and improve the quality of any eventual trial through more thorough preparation. **The discussion of claims and defenses shall be a substantive, meaningful discussion.** The parties are reminded that pursuant to Fed. R. Civ. P. 26(d), no discovery shall be sought prior to the Rule 26(f) meeting.

(10) The parties shall comply with the mandatory disclosure requirements of Fed. R. Civ. P. 26(a)(1). Counsel and parties are reminded that mandatory disclosure requirements encompass computer-based evidence which may be used to support claims or defenses. Mandatory disclosures must be supplemented by the parties consistent with the requirements of Fed. R. Civ. P. 26(e). Mandatory disclosures and supplementation are not to be filed with the Clerk of the Court.

(11) **In the event the parties require the Court's assistance *before* filing a Proposed Scheduling Order, they can request a Pre-Scheduling Conference by filing a 1-page <u>joint</u> letter motion** that briefly sets forth:
- a. The matters in dispute; and
- b. The reason(s) a Pre-Scheduling Conference will assist the parties in resolving their dispute(s); and

      c. A request that the Court set a Pre-Scheduling Conference, along with any dates that <u>will not work</u> for the parties.

(12) Where one or more parties are *pro se*, the court encourages the parties to request a Pre-Scheduling Conference, which can be helpful in streamlining processes.

(13) *Pro se* parties not participating in ECF shall submit their Proposed Scheduling Order on paper to the Clerk's Office. However, if any party in the case is participating in ECF, it is the responsibility of that party to submit the Proposed Scheduling Order pursuant to the District of Colorado ECF Procedures.

(14) All parties are expected to be familiar with the United States District Court for the District of Colorado Local Rules of Practice (D.C.COLO.LCivR.). Copies are available from Office of the Clerk, United States District Court for the District of Colorado, or through the District Court's web site: www.cod.uscourts.gov.

(15) The plaintiff(s) or, on removed cases, the defendant(s), shall provide a copy of this Order to all parties who have not yet entered an appearance.

Dated this 25th day of November, 2024.

**BY THE COURT:**

Maritza Dominguez Braswell
United States Magistrate Judge