IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-03155-SKC-MDB

BROOKE SLUSSER, *et al.*,
Plaintiffs,

v.

THE MOUNTAIN WEST CONFERENCE, *et al.*,
Defendants.

## MOTION TO RESTRICT ACCESS

Pursuant to D.C.COLO.LCivR 7.2, Defendants The Mountain West Conference and Gloria Nevarez (collectively "MWC") seek an order restricting public access to the two accompanying unredacted documents, the redacted versions of which were publicly filed in support of Defendants' Memorandum of Law in Opposition to Plaintiffs' Emergency Motion for Preliminary Injunction, ECF No. 27 (the "Opposition").[1]  As grounds, MWC states as follows:

---

[1] **D.C.Colo.L.Civ.R. 7.1(a) Certificate of Conferral:** Counsel for MWC conferred multiple times with counsel for Plaintiffs, counsel for intervenor-Plaintiff Utah State University ("USU"), and counsel for all other Defendants (together, the "CSU Defendants").  The CSU Defendants consent to the relief sought.  USU does not object to the relief sought without taking a position about whether the information MWC seeks to restrict is entitled to protection and reserves its right to contest the confidentiality of MWC's director-level minutes (including these minutes) at a later date.  Plaintiffs oppose the relief sought, asserting the contents of the documents do not fall within the categories of information the District of Colorado has recognized may be restricted from public access.

- 1 -

1.      On November 19, 2024, MWC filed its Opposition, supported by the Declaration of Bret Gilliland ("Gilliland Decl.") and the exhibits thereto.  Exhibit 4 to the Gilliland Declaration is an excerpt from the Report of the Mountain West Board of Directors August 23, 2022 Virtual Meeting (the "August 23 Minutes"). (MWC/Nevarez Appx., pp. 200-02 ("Exhibit 4").)  Exhibit 5 to the Gilliland Declaration is an excerpt from the Report of the Mountain West Directors of Athletics August 25, 2022 Virtual Meeting (the "August 25 Minutes" and, together with the August 23 Minutes, the "Minutes").  (MWC/Nevarez Appx., pp. 204-06 ("Exhibit 5").)

2.      The excerpts of the Minutes filed as Exhibits 4 and 5 to the Gilliland Declaration memorialize each body's discussion of the MWC's transgender athlete participation policy ("TPP").  The remainder of the Minutes discuss other, confidential director-level business that is unrelated to the issues raised in the Opposition or Plaintiff's Emergency Motion for Preliminary Injunction (the "Motion").  For that reason, the MWC redacted those portions of the Minutes and filed publicly, without restriction, the relevant excerpts as Exhibit 4 and 5.  *See* Opp. at 7 n.3.[2]  Shortly after filing its Opposition, MWC provided the Minutes to Plaintiffs in unredacted form.

---

[2] Counsel for the MWC initially conferred with counsel for Plaintiffs about filing the Minutes under restriction.  The parties were unable to complete that conferral before the MWC's deadline to file the Opposition.  The MWC instead publicly filed relevant excerpts of the Minutes but redacted the case-irrelevant entries.

3. The Opposition does not rely on the redacted case-irrelevant and confidential portions of the Minutes. As a result, the MWC did not initially move under D.C.COLO.LCivR 7.2 to file under restriction the unredacted Minutes.

4. During the November 20, 2024 status conference, the Court indicated that it wished to review the fully unredacted Minutes, alluding to D.C.COLO.LCivR 7.2, and directed the MWC to file those documents under restriction.

5. Pursuant to D.C.COLO.LCivR 7.2, the MWC requests an order maintaining a Level One restriction over the unredacted copies of the Minutes, which are filed separately and under a Level One restriction as Exhibits A and B.

6. "There is a presumption that documents essential to the judicial process are to be available to the public, but access to them may be restricted when the public's right of access is outweighed by interests which favor nondisclosure." *Crocs, Inc. v. Joybees, Inc.*, No. 1:21-cv-2859, 2023 LEXIS 238392, at *7 (D. Colo. Jun. 27, 2023) (citing *United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997)). Accordingly, public access to documents is "properly . . . denied where court files might serve as a source of business information that could harm a litigant's competitive standing." *SBM Site Servs., LLC v. Garrett*, No. 10-cv-00385, 2011 LEXIS 41527, at *8-9 (D. Colo. Apr. 12, 2011) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

7. The Minutes contain details of contract negotiations, discussions of sports scheduling, and other sensitive, non-public information. The MWC has an interest in keeping its discussions about important conference business confidential, both so that its sensitive business discussions are not disclosed to competitor conferences and so that contract counterparties or other third parties do not gain an advantage by their ability to access the MWC's internal business deliberations. In turn, MWC takes care to keep minutes of high-level discussions confidential from the public-at-large.

8. The Motion and Opposition have put the TPP at issue. This is why MWC publicly filed the portions of the Minutes that relate to the TPP. However, there is no public interest in the portions of the Minutes that do not relate to the TPP or this lawsuit and are otherwise irrelevant to the issues raised in the Motion and Opposition. To the extent there is any "presumption of public access" to information that is irrelevant to the claims and defenses in this case, *see* D.C.COLO.LCivR 7.2(c)(2), that presumption is outweighed by the MWC's interest in keeping its director-level mental processes confidential from competitors, counterparties, and the public-at-large.

9. The MWC could suffer competitive harm if its high-level business, strategies and plans, and deliberative processes are disclosed to its competitor conferences, to third parties against whom it negotiates, or in other public fora.

10. The requested restriction is appropriately limited to achieve the policy underpinnings of D.C.COLO.LCivR 7.2. The relevant excerpts of the Minutes that discuss the TPP are publicly filed. However, the portions having no bearing on the issues in this case—that the public has no interest in accessing—are redacted. The unredacted Minutes are filed under restriction, at the Court's suggestion. Level One restriction is appropriate because it permits party and Court access.

11. For the foregoing reasons, the MWC seeks to maintain Exhibits A and B hereto at a Level One restriction.

WHEREFORE, the MWC respectfully requests that the Court enter an order maintaining a Level One restriction for Exhibits A and B to this motion and granting such other relief as the Court deems proper.

Dated: November 26, 2024

By: *s/ Chad D. Williams*
Chad D. Williams
Kyler K. Burgi
DAVIS GRAHAM & STUBBS L.L.P.
1550 17th Street, Suite 500
Denver, Colorado 80202
Telephone: 303.892.9400
Email: chad.williams@davisgraham.com
      kyler.burgi@davisgraham.com

Wesley R. Powell (admission pending)
WILLKIE FARR & GALLAGHER L.L.P.
787 Seventh Avenue
New York, New York 10019 Telephone: 212.728.8264
Email: wpowell@willkie.com

Matt D. Basil (admission pending)
WILLKIE FARR & GALLAGHER L.L.P.
300 North LaSalle Dr.
Chicago, Illinois 60654
Telephone: 312.728.9020
Email: mbasil@willkie.com

*Counsel for Defendants The Mountain West Conference and Gloria Nevarez*

## CERTIFICATION REGARDING THE USE OF ARTIFICIAL INTELLIGENCE

I certify that no portion of this filing was drafted by artificial intelligence.

Dated: November 26, 2024

By: */s/ Chad D. Williams*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of November, 2024, the foregoing **MOTION TO RESTRICT ACCESS** was filed and served via CM/ECF to all counsel of record.

By: */s/ Chad D. Williams*