FILED
United States Court of Appeals
Tenth Circuit

November 26, 2024

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

KIERSTEN VAN KIRK; KATELYN VAN KIRK; BROOKE SLUSSER; KAYLIE RAY,

    Plaintiffs - Appellants,

ALYSSA SUGAI; ELLE PATTERSON; MELISSA BATIE-SMOOSE; ALEAH LIILII; NICANORA CLAEKE; JORDAN SANDY; SIERRA GRIZZLE; MACEY BOGGS,

    Plaintiffs,

and

UTAH STATE UNIVERSITY,

    Intervenor Plaintiff,

v.

MOUNTAIN WEST CONFERENCE; GLORIA NEVAREZ, In her official capacity as the Commissioner of the Mountain West Conference; TODD KRESS, In his official capacity as the head coach of San Jose State University Women's Volleyball Team,

    Defendants - Appellees,

and

BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY; LAURA ALEXANDER, in her official and individual capacity as the Senior Associate

No. 24-1461
(D.C. No. 1:24-CV-03155-SKC-MDB)
(D. Colo.)

Athletic Director for Student-Athlete Wellness and Leadership Development at San Jose State University; MICHELLE MCDONALD SMITH, in her individual and official capacity as the Senior Director of Media Relations at San Jose State University,

    Defendants.

———————————————

**ORDER**

———————————————

Before **MORITZ** and **LUCERO**, Circuit Judges.

———————————————

With yesterday's filing of their *Emergency Motion for Injunction Pending Appeal*, plaintiffs seek an extraordinary remedy. For this court to grant the requested motion, "the right to relief must be clear and unequivocal." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005) (internal quotation marks omitted). In considering a request for injunction pending appeal, "this court makes the same inquiry as it would when reviewing a district court's grant or denial of a preliminary injunction." *Homans v. City of Albuquerque*, 264 F.3d 1240, 1243 (10th Cir. 2001). Thus, plaintiffs must show they are "likely to succeed on the merits, that [they are] likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also* 10th Cir. R. 8.1.

In denying plaintiffs' emergency motion for a preliminary injunction (CM doc. 14) and the plaintiff-intervenor's partial joinder in their motion (CM doc. 29), the district

2

court concluded that plaintiffs had failed to make a sufficient showing of irreparable harm (CM doc. 37). The district court pointed out that a "delay in seeking preliminary relief cuts against finding irreparable injury." *Fish v. Kobach*, 840 F.3d 710, 753 (10th Cir. 2016) (internal quotation marks omitted). We agree with the district court's decision concerning the effect of the late timing of the requested relief.

The individual plaintiffs play for teams within the Mountain West Conference (MWC), which adopted a Transgender Participation Policy (TPP) that was ratified by the athletic directors for each team and that has been in effect since 2022. In accordance with the TPP, member institutions forfeited their matches against San Jose State University's (SJSU) team during the 2024 season, when they refused to play after it became known that an SJSU player was transgender. This player had been part of SJSU's female volleyball team roster in 2022 and played on the team in each season since that time. News of the transgender player surfaced in the spring of 2024, and the forfeits began at the end of September 2024. But plaintiffs did not file this lawsuit or their emergency motion in district court until mid-November, approximately two weeks before the start of the MWC Women's Volleyball Tournament that forms the basis of their request for emergency injunctive relief. The district court concluded that granting the requested injunctive relief at this late hour would be highly prejudicial and harmful to the defendants. Notwithstanding plaintiffs' contentions to the contrary, that conclusion appears well supported by the district court's factual analysis.

Because a movant's failure to satisfy any factor warrants the denial of injunctive relief, *see Winter*, 555 U.S. at 23–24 (declining to address likelihood of success on the

3

merits where balance of harms warranted denial of injunction), plaintiffs' clear failure to meet the irreparable harm factor is decisive here. Plaintiffs' claims appear to present a substantial question and may have merit. But plaintiffs have not established clear entitlement to relief, and however potentially meritorious, their showing does not rise to the level of clear entitlement under the appropriate standards.

In sum, upon consideration of the motion in light of the applicable standards, we conclude the plaintiffs have failed to show their entitlement to relief. We therefore deny the motion.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk