IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 24-cv-03155-SKC-MDB

BROOKE SLUSSER,
ALYSSA SUGAI,
ELLE PATTERSON,
MELISSA BATIE-SMOOSE,
ALEAH LIILII,
NICANORA CLARKE,
KAYLIE RAY,
MACEY BOGGS,
SIERRA GRIZZLE,
JORDAN SANDY,
KATELYN VAN KIRK, and
KIERSTEN VAN KIRK,

    Plaintiffs,

v.

THE MOUNTAIN WEST CONFERENCE,
GLORIA NEVAREZ, in her official capacity as the Commissioner of the Mountain West Conference,
BOARD OF TRUSTEES FOR THE CALIFORNIA STATE UNIVERSITY,
LAURA ALEXANDER, in her individual capacity and in her official capacity as the Senior Associate Athletic Director for Student-Athlete Wellness and Leadership Development at San Jose State University,
TODD KRESS, in his individual capacity and official capacity as the head coach of the San Jose State University Women's Volleyball Team, and
MICHELLE MCDONALD SMITH, in her individual capacity and in her official capacity as the Senior Director of Media Relations at San Jose State University,

    Defendants.

# ORDER

This matter is before the Court on Defendants The Mountain West Conference and Nevarez's (collectively, "MWC") Motion to Restrict Access. (["Motion"], Doc. No. 46.) Plaintiffs objected to the Motion (["Objection"], Doc. No. 52) and MWC has replied to the Objection (["Reply"], Doc. No. 58). For the following reasons, the Motion is **GRANTED**.

**BACKGROUND**

In the Motion, MWC asks the Court to maintain Level One restriction over Exhibits A and B to the filing at ECF 47. (*Id.*) These Exhibits are the un-redacted versions of the Report of the Mountain West Board of Directors August 23, 2022, Virtual Meeting and the Report of the Mountain West Directors of Athletics August 25, 2022, Virtual Meeting. ([collectively the "Reports"], Doc. Nos. 47-1; 47-2.) Redacted versions of these Reports are attached as Exhibits 4 and 5 to the Declaration of Bret Gilliland ("Gilliland Declaration"), which was filed in support of MWC's brief in opposition to Plaintiffs' Emergency Motion for Preliminary Injunction. (Doc. Nos. 14; 27; 27-1 at 2–15; 27-1 at 200–206.) According to MWC, during the November 20, 2024, Status Conference, the presiding Judge indicated he wished to review the fully unredacted Reports, and directed MWC to file those documents under restriction. (Doc. No. 46 at ¶ 4.)

MWC contends that the redacted portions of the Reports attached to the Gilliland Declaration discuss "confidential director-level business that is unrelated to the issues raised in the Opposition or Plaintiff's Emergency Motion for Preliminary Injunction." (Doc. No. 46 at ¶ 2; *id.* at ¶ 3 (calling the un-redacted portions "case-irrelevant and confidential"); *id.* at ¶ 7 (describing the redacted portions as "details of contract negotiations, discussions of sports scheduling, and other sensitive, non-public information."). MWC argues it has "an interest in keeping its discussions about important conference business confidential, both so that its

2

sensitive business discussions are not disclosed to competitor conferences and so that contract counterparties or other third parties do not gain an advantage by their ability to access the MWC's internal business deliberations." (*Id.* at ¶ 7.)

In their Objection, Plaintiffs argue some or all of the redacted portions of the Reports are relevant to Plaintiffs' position that MWC violated Title IX and the United States Constitution by adopting and enforcing its Transgender Participation Policy. (Doc. No. 52 at 2.) Specifically, Plaintiffs argue the redacted portions of the Reports are relevant to the "fact-sensitive inquiries" into whether MWC is a state actor subject to Title IX and the Constitution. (*Id.*) Plaintiffs say, "the redacted portions of the Minutes are the kinds of information that Plaintiffs would present in a motion for summary judgment or at trial in support of its contention that the MWC is subject to Title IX and a state actor." (*Id.* at 5.) Plaintiffs further argue MWC is unlikely to suffer "serious injury" if the Reports are made entirely public. (*Id.* at 6–7.) Alternatively, Plaintiffs say the Court should require MWC to narrow the redactions. (*Id.* at 7–8.)

In its Reply, MWC points out that Plaintiffs possessed the unredacted Reports in advance of the hearing on their emergency motion for a preliminary injunction but did not refer to or rely on them. (Doc. No. 58 at ¶ 2.) MWC further argues the restriction sought is narrow and only applies for purposes of Plaintiffs' preliminary injunction. (*Id.* at ¶ 6; *see id.* ("The Motion to Restrict does not seek or require a determination that MWC's board minutes generally will not be relevant at later stages of the case."); *id.* at ¶ 7 ("On the question of whether the redacted portions of the Minutes are relevant to Plaintiffs' preliminary injunction, the answer is 'no.'").) MWC also emphasizes it would suffer serious injury if the Reports are publicly disclosed, as "[c]andid deliberations and the ability to speak confidentially are key to effective decision

3

making by those bodies, especially on issues related to contract negotiations, scheduling, and other strategies." (*Id.* at ¶ 9.)

## ANALYSIS

Pursuant to D.C.COLO.LCivR 7.2(a), "[u]nless restricted by statute, rule of civil procedure, or court order, the public shall have access to all documents filed with the court." However, despite the "presumption that documents essential to the judicial process are to be available to the public, ... they may be sealed when the public's right of access is outweighed by interests which favor nondisclosure." *Gen. Steel Domestic Sales, LLC v. Chumley*, 129 F. Supp. 3d 1158 (D. Colo. 2015).

D.C. Colo. L. Civ. R. 7.2(c) imposes specific showings that a party seeking to restrict public access to a filed document must make:

> (1) identify the document or the proceeding for which restriction is sought;
>
> (2) address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction);
>
> (3) identify a clearly defined and serious injury that would result if access is not restricted;
>
> (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and
>
> (5) identify the level of restriction sought.

Here, the Court is satisfied MWC has met its burden to justify the restriction. First, though the Court notes Plaintiff's contention that "[t]he strongest arguments for access apply to materials used as the basis for a judicial decision of the merits of the case" *Lucero v. Sandia*

4

*Corp.*, 495 F. App'x 903, 913 (10th Cir. 2012) (unpublished) (quoting 8A Charles Alan Wright, et al., *Federal Practice & Procedure* § 2042, at 234 (3d ed. 2010)), this proscription does not appear applicable here. The relief sought by MWC is narrow and only applies to the redacted Reports attached to MWC's briefing on Plaintiff's preliminary injunction motion—a motion that does not appear to have put the redacted portion of the Reports at issue. MWC does not seek a blanket restriction over all Reports used in this litigation, and to the extent "Plaintiffs are likely to rely upon [Reports] in future motions on the merits" (Doc. No. 52 at 5), this issue can be re-addressed at that time, should MWC seek further restriction.

Moreover, the Court finds MWC has sufficiently articulated the interest to be protected and the Court agrees such interest outweighs the presumption of public access at this stage in the case. As noted by MWC, the directors of athletics meetings and their corresponding reports are not publicly available as a matter of course. MWC has a reasonable interest in fostering candid discussions of issues that may be commercially or competitively sensitive, and such an interest would be undermined by the public release of the entire report—particularly because the matter is in its early stages and the redacted information does not bear on current proceedings. Further, while the Court agrees with Plaintiffs that the Reports are "carefully written at a high-level of generality" (*id.* at 6), it appears they do contain notes regarding business strategy and related information. Thus, all things considered, the Court finds MWC has met its burden.

## CONCLUSION

For the foregoing reasons, it is

**ORDERED** that MWC's Motion to Restrict Access (Doc. No. 46) is **GRANTED**. The Clerk of Court is directed to maintain Level One restriction over ECF 47.

Dated this 2nd day of January, 2025.

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge