IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-03155-SKC-MDB

BROOKE SLUSSER, *et al.*,
Plaintiffs,

v.

THE MOUNTAIN WEST CONFERENCE, *et al.*,
Defendants.

---

**DEFENDANTS' MOTION TO STAY DISCOVERY PENDING ADJUDICATION OF THEIR RULE 12(b) MOTIONS TO DISMISS**

---

Defendants the Mountain West Conference, Gloria Nevarez, the Board of Trustees of California State University, Laura Alexander, Todd Kress, and Michelle Smith McDonald (collectively, "Defendants") hereby move to stay discovery pending the Court's adjudication of their motions to dismiss, Dkt. Nos. 66, 67.

D.C.COLO.LCivR 7.1(a) Certification: The parties have conferred in good faith and Plaintiffs take no position on this motion.

## I. INTRODUCTION

In denying Plaintiffs' Emergency Motion for Preliminary Injunction on November 25, 2024, the Court determined that Plaintiffs "failed to meet their burden to establish a likelihood of success on the merits of their Title IX and Equal Protection claims." Dkt. No. 37 at 25. Now, all Defendants have moved to dismiss Plaintiffs' Complaint in its entirety under Rule 12(b)(6), and Defendants the Board of Trustees

of California State University, Laura Alexander, Todd Kress, and Michelle Smith McDonald (the "CSU Defendants") have also moved to dismiss the Complaint pursuant to Rules 12(b)(2) and 12(b)(3), raising threshold jurisdictional and immunity defenses (collectively, the "Motions"). Under these circumstances, Defendants respectfully request that the Court issue an order staying all deadlines related to discovery and disclosures pending resolution of the Motions, which will serve economy and prevent waste of judicial and private-party resources.

## II.   LEGAL STANDARD

It is well settled that a motion to stay discovery is an appropriate exercise of the court's powers. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* Pursuant to Fed. R. Civ. P. 26(c), a court has discretion to "make an order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense." This includes the authority to stay proceedings, including while a dispositive pleading motion is pending. *R.B. ex rel. Blumenhein v. Acad. Dist. 20*, No. 21-CV-01440, 2021 WL 4521902, at *2 (D. Colo. Oct. 4, 2021) (citing *Landis*, 299 U.S. at 254–55) (granting motion to stay discovery). "A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources."

*Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) (citation and internal quotation omitted).

### III. ARGUMENT

When considering a stay of discovery, courts in this district consider the following factors: (1) the plaintiffs' interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiffs of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the litigation; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). Each of these factors supports a stay of discovery here.

***First***, Plaintiffs will not be unduly prejudiced by the requested stay of discovery. A stay would not impact Plaintiffs' ability to obtain full and fair discovery. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Coors*, 357 F. Supp. 2d 1277, 1280 (D. Colo. 2004) (no prejudice to plaintiff where plaintiff will have ample time to conduct discovery if a dispositive motion is denied). Should Defendants' Motions be denied in whole or in part, Plaintiffs will have sufficient time to conduct discovery on any remaining claims. The discovery relevant to Plaintiffs' claims, which relates to the NCAA and Mountain West Conference's transgender policies, will not be prejudiced or otherwise affected by the passage of a few months. *See Stone v. Vail Resorts Dev. Co.*, No. 09-cv-02081, 2010 WL 148278, at *1 (D. Colo. Jan. 7, 2010) (granting stay where plaintiffs "provided no specific examples of how their ability to

conduct discovery might be adversely affected by a stay"). Additionally, Defendants' requested stay will likely be brief—only as long as it takes the Court to resolve the Motions—which further minimizes any prejudice to Plaintiffs. *See Merrill Lynch*, 357 F. Supp. 2d at 1280 (where a stay is for a short period of time, no prejudice to plaintiff).

***Second***, engaging in discovery will be wasteful if the Motions are ultimately granted in whole or in part. The Motions challenge the Complaint for failure to state a claim, lack of personal jurisdiction as to certain Defendants, and improper venue. Disposition on any of these grounds will render discovery unnecessary, and the Court's resolution of the Motions could significantly narrow the claims at issue in discovery. Accordingly, permitting discovery before the resolution of these Motions could subject Defendants to unnecessary effort and expense, particularly given the number and breadth of Plaintiffs' claims. *See Wells v. Smith*, Nos. 12-cv-00447, 12-cv-00589, 13-cv-03155, 2014 WL 6886719, at *4 (D. Colo. Dec. 8, 2014) ("[P]roceeding with discovery would be wasteful should the motions to dismiss be granted."). That is especially true here, where the Court has already rejected the Plaintiffs' Title IX and First Amendment theories. *See Sgaggio v. Diaz*, No. 22-CV-02043, 2023 WL 22188, at *4 (D. Colo. Jan. 3, 2023) (weighing the "apparent strength" of a motion to dismiss in granting a stay).

This burden is particularly acute when the pending Motions relate to the Court's lack of jurisdiction. The CSU Defendants move to dismiss on the basis that

- 4 -

the Court lacks personal jurisdiction over all of the CSU Defendants. In such instances, courts have recognized that compelling discovery before motions challenging the court's jurisdiction have been resolved is improper. *See, e.g.*, *String Cheese Incident*, 2006 WL 894955, at *2 (finding "that subjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject him to undue burden or expense, particularly if the motion to dismiss is later granted"); *Burkitt v. Pomeroy*, No. 15-CV-02386, 2016 WL 696107, at *1 (D. Colo. Feb. 22, 2016) ("Questions of jurisdiction and immunity should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties."); *PopSockets LLC v. Online King LLC*, No. 19-CV-01277, 2019 WL 5101399, at *3 (D. Colo. Oct. 11, 2019) (finding "courts are more inclined to stay discovery pending the resolution of a [m]otion to [d]ismiss impacting immunity or jurisdictional issues"); *Morrill v. Stefani*, No. 17-CV-00123, 2017 WL 1134767, at *2 (D. Colo. Mar. 13, 2017) (granting motion to stay pending resolution of motion to dismiss for lack of personal jurisdiction and improper venue).

Similarly, courts have recognized that a stay may be warranted when a defendant raises qualified immunity or sovereign immunity in their motion to dismiss, as the CSU Defendants have done here. *E.g.*, *Am. Tradition Inst. v. Colorado*, No. 11-cv-00859, 2011 WL 3705108, at *3 (D. Colo. Aug. 23, 2011) ("[T]he burden on the state defendants of proceeding in litigation during the pendency of jurisdictional and immunity issues is well-observed by the federal courts, as related

to the second factor."); *Ratcliff v. Brown*, No. 23-CV-00605, 2023 WL 6314566, at *4 (D. Colo. Sept. 28, 2023) (holding that second factor weighed in favor of granting a stay "particularly" when "defendants lodge subject matter jurisdiction and Eleventh Amendment immunity defenses"); *Martin v. Cnty. of Santa Fe*, 626 F. App'x 736, 740 (10th Cir. 2015) ("There is a strong policy justification for staying discovery and for refusing requests for additional discovery once a defendant invokes qualified immunity as a defense.").

The second factor therefore also weighs in favor of staying discovery.

***Third***, it would be more convenient and efficient for the Court to stay discovery until it is clear that the case will proceed so that any resources the Court must expend are narrowly tailored to the issues that remain in dispute. This Court should not be burdened by the need to supervise the parties' discovery efforts until it is clear that the Court has jurisdiction and such discovery is necessary. *See Chavous*, 201 F.R.D. at 5 (holding that staying discovery pending the decision on a dispositive motion that would resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for discovery"); *Strom v. Weiser*, No. 20-cv-03417, 2021 WL 5561724, at *3 (D. Colo. Feb. 18, 2021) (holding that judicial resources "would best be conserved by imposing a stay until the jurisdictional challenge is resolved"). Accordingly, the third factor weighs in favor of staying discovery here.

- 6 -

***Fourth***, Defendants are not aware of any non-parties with significant particularized interests in this case and thus there is no interest that would justify the burdens of engaging in premature discovery. Moreover, "[n]on-parties could [also] be unnecessarily burdened by discovery requests via subpoenas and/or depositions." *Fed. Deposit Ins. Corp. v. Banc of Am. Funding Corp.*, No. 14-cv-00418, 2014 WL 1466721, at *2 (D. Colo. Apr. 15, 2014). That concern is heightened here because Plaintiffs would likely seek discovery related to the allegedly transgender player's medical information—private information that, depending on how the Court rules, could be completely irrelevant. Staying discovery may eliminate the need for other non-parties, like the NCAA, and their counsel to incur significant burden and expense, and also would avoid a waste of judicial resources in refereeing any discovery disputes. If a stay is granted, "judicial economy is enhanced, as is [the] convenience to the Court" since "scheduling and discovery issues will not be raised and will not take time from the Court that could otherwise be used to address the pending dispositive motion." *Samuels v. Baldwin*, No. 14-cv-02588, 2015 WL 232121, at *3 (D. Colo. Jan. 16, 2015). Accordingly, the fourth factor weighs in favor of staying discovery.

As to the ***fifth*** and final factor, "the public's only interest in this case is a general interest in its efficient and just resolution. Avoiding wasteful efforts by the Court clearly serves this interest." *Sykes v. LivaNova Deutschland GmbH*,

No. 17-cv-02437, 2018 WL 286791, at *2 (D. Colo. Jan. 4, 2018).  Thus, the fifth factor also weighs in favor of staying discovery.

Weighing the relevant factors, staying proceedings in this action pending the adjudication of Defendants' Motions is appropriate.

## IV.   CONCLUSION

Defendants respectfully request that the Court stay all deadlines related to discovery and disclosures pending a ruling on the Motions.

Respectfully submitted this 14th day of February, 2025.

          By: */s/ Chad D. Williams*
          Chad D. Williams
          Kyler K. Burgi
          DAVIS GRAHAM & STUBBS L.L.P.
          3400 Walnut Street, Suite 700
          Denver, Colorado 80205
          Telephone: 303.892.9400
          Email: chad.williams@davisgraham.com
                  kyler.burgi@davisgraham.com

          Wesley R. Powell
          WILLKIE FARR & GALLAGHER L.L.P.
          787 Seventh Avenue
          New York, New York 10019
          Telephone: 212.728.8264
          Email: wpowell@willkie.com

          Matt D. Basil
          WILLKIE FARR & GALLAGHER L.L.P.
          300 North LaSalle Dr.
          Chicago, Illinois 60654
          Telephone: 312.728.9020
          Email: mbasil@willkie.com

          *Counsel for Defendants The Mountain West*
          *Conference and Gloria Nevarez*

By: */s/ Bryan H. Heckenlively*
Bryan H. Heckenlively
Jennifer L. Bryant
Helen E. White
MUNGER, TOLLES & OLSON LLP
560 Mission Street
San Francisco, California  94105
Telephone:  415.512.4000
Email:  bryan.heckenlively@mto.com

*Counsel for Defendants the Board of Trustees of the California State University, Laura Alexander, Todd Kress, and Michelle Smith McDonald*

## ARTIFICIAL INTELLIGENCE CERTIFICATION

I certify that no portion of this filing was drafted by artificial intelligence.

Dated:  February 14, 2025

By:  <u>*/s/  Chad D. Williams*</u>

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of February 2025 the foregoing **DEFENDANTS' MOTION TO STAY DISCOVERY PENDING ADJUDICATION OF THEIR RULE 12(b) MOTIONS TO DISMISS** was filed and served via CM/ECF to all counsel of record:

>William Bock III
>Justin R. Olson
>KROGER GARDIS & REGAS LLP
>111 Monument Circle, Suite 900
>Indianapolis, Indiana  46204
>Telephone:  317.692.9000
>Email:  wbock@kgrlaw.com
>         jolson@kgrlaw.com
>
>*Counsel for Plaintiffs*
>
>
> /s/  Chad D. Williams

12