IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:24-cv-03155-SKC-MDB

BROOKE SLUSSER, *et al.*,

     Plaintiffs,

 v.

THE MOUNTAIN WEST CONFERENCE, *et al.*,

     Defendants.

---

## ORDER DENYING PLAINTIFFS' MOTION TO RESCIND UNIFORM CIVIL PRACTICE STANDARD 43.1(A) AND FOR RECUSAL (DKT. 73)

---

Canon 3(A) of the Code of Conduct for United States Judges requires a judge to "perform [the duties of judicial office] *with respect for others*, and . . . not engage in behavior that is harassing, abusive, prejudiced, or biased." Code of Conduct for United States Judges (2019), Canon 3(A) (emphasis added).[1] It goes on to explain that "[a] judge *should be . . . respectful, and courteous to litigants, jurors, witnesses, lawyers, and others* with whom the judge deals in an official capacity. A judge should require similar conduct by those subject to the judge's control, including lawyers to

---

[1] The Code of Conduct is available here: https://www.uscourts.gov/administration-policies/judiciary-policies/ethics-policies/code-conduct-united-states-judges

1

the extent consistent with their role in the adversary process." Canon 3(A)(3) (emphasis added).

Consistent with Canon 3(A), the Court maintains a Uniform Practice Standard, 43.1A ("Decorum Standard"), which recommends—but does not require—the use of preferred pronouns. In relevant part, the Decorum Standard provides:

> (a)    Courtroom Decorum.
> (1)    Creating a courtroom where all litigants, witnesses, and counsel feel welcome and respected is of utmost importance to this Court. In that regard, counsel are *invited* and *encouraged* to identify the applicable pronouns of counsel, litigants, and witnesses at the earliest juncture possible. This may be done in an initial signature block, in person at a conference or hearing, or in a witness list. Should the wrong pronoun be used, counsel are *encouraged* to bring that to the Court's attention at the time, or through a subsequent email to Chambers.
> (2)    All parties *should* observe the following courtroom decorum:
> * * *
> (D) Refer to all other persons by their surnames, prefaced by the individual's title (e.g., Dr., Agent, Officer, etc.) and applicable pronouns.

SKC Civ. Practice Standard 43.1A (emphasis added).

Plaintiffs, who have consistently used he/him pronouns throughout this litigation when referring to the non-party, alleged transgender female, now seek this Court's recusal because of *its* use of she/her pronouns. They also seek rescission of the Decorum Standard. They argue the Decorum Standard "restricts Plaintiffs' and their counsel's speech." Attorneys William Bock III and Justin R. Olson each provided sworn declarations averring they are "concerned that the Court's [Decorum Standard] could subject me to sanctions merely for adhering to my personal beliefs and for

zealously advocating on behalf of my clients." Dkt. 73-1, ¶7 (Bock); Dkt. 73-2, ¶7 (Olson). And Plaintiff Brooke Slusser provided a similar declaration. Dkt. 73-3, ¶5 ("I am very concerned that the Courts (sic) [Decorum Order] could subject me to sanctions merely for adhering to my personal beliefs and convictions[.]").

Because Plaintiffs' recusal request is based on "unsupported, irrational, [and] highly tenuous speculation[,]" *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987), and because this Court has allowed Plaintiffs from the outset to use whatever pronouns they choose, the Motion is DENIED.[2]

## A. LEGAL PRINCIPLES

Under 28 U.S.C. § 455,

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]

28 U.S.C. § 455(a), (b)(1). The purpose of § 455 is to avoid "even the appearance of partiality" by the judge. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988) (cleaned up). "The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Hinman v.*

---

[2] The Court rules on the Motion without awaiting a response. *See* D.C.COLO.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed.").

*Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). This is an objective standard. *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). The judge whose impartiality is at issue need not take the factual allegations raised by the party challenging their impartiality as true, nor is the judge limited to those facts presented by the challenging party. *Hinman*, 831 F.2d at 939.

If "no reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality," the motion to recuse must be denied. *Bryce v. Episcopal Church in the Diocese of Colorado*, 289 F.3d 648, 659–60 (10th Cir. 2002) (cleaned up). Indeed, a judge has "as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Id.* at 659 (cleaned up). A judge should not recuse based on "unsupported, irrational, or highly tenuous speculation." *Hinman*, 831 F.2d at 939. Nor should the recusal statute "be construed so broadly as to become presumptive or to require recusal based on unsubstantiated suggestions of personal bias or prejudice." *Bryce*, 289 F.3d at 659-60. "The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *Cooley*, 1 F.3d at 993.

## B. ANALYSIS

### 1.    The Court Has *Not* Required Any Party to Use She/Her Pronouns

At the outset of this case, the Court has appropriately balanced its obligations under Canon 3(A) to show respect and courtesy to those involved, with the role of Plaintiffs' counsel in the adversary process. *See* Canon 3(A)(3) (a judge should require

lawyers to be respectful and courteous to others "to the extent consistent with their role in the adversary process"). During the November 20, 2024 Status Conference, the Court told counsel:

> Throughout the case I'm going to refer to the transgender athlete that's referenced in the parties' pleadings using she/her pronouns based on what I understand to be her gender identity from the parties' filings. *I understand at some levels this case involves a debate about gender and gender identity and therefore the parties may refer to this individual however they choose.* I only require that the parties remain professional and respectful when speaking about her; and so far counsel has done that within the context of what's in dispute and in the context of the parties' respective theories of the case.
>
> I do want to make clear, though, that *the parties should not construe my use of she/her pronouns in reference to this individual as any indication that the Court has prejudged any issues in this case.*

Dkt. 50, pp.4-5 (emphasis added). The Court reiterated this the next day at the start of the November 21, 2024 oral argument:

> All right. And as I indicated to the parties yesterday, I'll reiterate throughout this case, I'm going to refer to the transgender athlete referenced in the parties' pleadings by using she/her pronouns based on what I understand to be her gender identity from the parties' filings. *I understand that this case involves a debate about gender and gender identity and therefore the parties may refer to this individual however they choose*; I only require that the parties remain professional and respectful when speaking about her. So far counsel has done that and *I want to make clear that my use of those pronouns should not be construed as the Court having prejudged any issues at all in this case.*

Dkt. 51, pp.3-4 (emphasis added).

Consistent with the Court having twice told Plaintiffs they may use whatever pronouns they choose, Plaintiffs have done exactly that throughout this litigation in their written filings and oral advocacy. And they've zealously done so without

admonishment or threat of sanctions from the Court. They have also consistently referred to the alleged transgender female as a "male" or "man" throughout these proceedings, again without admonishment or threat of sanctions from the Court.

The Court well understands Plaintiffs' theory of the case. The Court has given Plaintiffs free reign to argue that theory without restricting or compelling their speech. There is no need to "rescind" the Decorum Standard. Plaintiffs' speech has neither been restricted nor compelled in this case, and they point to zero examples of this Court enforcing any such restrictions or compulsions on them.

## 2.    Plaintiffs Confuse Respect and Courtesy for Bias and Prejudgment

As mentioned, Canon 3(A) requires judges to perform their duties "with respect for others." It also requires judges to be "respectful" and "courteous" to those involved with judicial proceedings. The Courts Decorum Standard is consistent with this Canon.

The low-hanging fruit of Canon 3(A)'s precepts is a court's use of another's preferred pronouns. This Court's use of she/her pronouns when referring to an alleged transgender woman in matters before the Court is hardly unique in the judiciary. Courts across the country, including the Supreme Court, utilize the preferred pronouns of those involved in judicial proceedings out of courtesy and respect, not out of bias and prejudgment. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 414 (2023) (using she/her pronouns when referring to petitioner, a transgender woman); *L.E. by Esquivel v. Lee*, 728 F. Supp. 3d 806, 814 n.2 (M.D. Tenn. 2024) ("The Court will use

L.E.'s preferred pronouns, despite Defendants' objection, because the Court extends this basic respect to every litigant."); *Walker v. Cain*, No. 3:21-CV-273-CWR-FKB, 2023 WL 1466935, at *1 n.1 (S.D. Miss. Feb. 2, 2023) ("While Petitioner has not moved to change the name listed in the caption or other filings, this Court will give her the respect of using her preferred pronouns."); *Charles v. Neal*, No. 3:20-CV-599-RLM-MGG, 2022 WL 1091514, at *1 n.1 (N.D. Ind. Apr. 12, 2022) ("Out of respect, the court uses her preferred female name and pronouns throughout this opinion."); *Keohane v. Jones*, 328 F. Supp. 3d 1288, 1292 n.1 (N.D. Fla. 2018) ("Out of respect for Ms. Keohane, this Court uses female pronouns when referring to her—a courtesy not all of Defendant's agents have extended, though Defendant is endeavoring to remedy this slight[.]"), *vacated on other grounds*, 952 F.3d 1257 (11th Cir. 2020); *Bayse v. Holt*, No. 1:17-CV-962-WSD, 2018 WL 3660367, at *1 n.1 (N.D. Ga. Jan. 5, 2018) ("Because Plaintiff alleges that she is a transgender female and uses female pronouns to refer to herself, the Court will use those pronouns as well.").

But Plaintiffs argue the Court's Decorum Standard and its use of she/her pronouns "reflects the Court has prejudged a key question in this case—whether anyone who identifies with the opposite sex becomes a member of that sex." Dkt. 73, p.5. They later argue this Court's use of the phrase "sex assigned at birth" also indicates "prejudgment of the question of whether sex is fixed and immutable." *Id.* at ECF p.16. They conclude, "[t]hus, from the start and through the [Decorum Standard]

the Court has repeatedly signaled a preconceived view on a key issue in this case: whether sex is determined by choice or by biology." *Id.*

Would that it were so simple. The notion that a judge's mere use of preferred pronouns and accepted terminologies to reference potentially complex issues of biology indicates bias and prejudgment is definitional "unsupported, irrational, or highly tenuous speculation." *Hinman*, 831 F.2d at 939. As such, there is no basis for recusal. Ironically, it would appear Plaintiffs attempt to restrain and compel this Court's speech to their preferred terms.

### C. CONCLUSION

"In recognizing the humanity of our fellow beings, we pay ourselves the highest tribute." *Furman v. Georgia*, 408 U.S. 238, 371 (1972) (Marshall, J., concurring). The Court is duty-bound to show respect and courtesy to all involved in, or affected by, these judicial proceedings. It will continue to do so. And no party should continue to confuse the Court's show of respect and courtesy for bias and prejudgment. The Court meant what it said, twice before—first on November 20 and again on November 21—the parties may refer to the alleged transgender woman however they choose so long as they remain respectful; the parties should not construe the Court's use of she/her pronouns as any indication that the Court has prejudged any issues in this case.

For the reasons shared above, the Court finds a reasonable person, knowing all the relevant facts, would not harbor doubts about this Court's impartiality. The record objectively reflects this Court's rulings have not been based on partiality, bias,

or prejudgment, but instead have been based on controlling Tenth Circuit and Supreme Court precedent and the facts and evidence presented by the parties.

The Motion (Dkt. 73) is **DENIED**.

Dated: February 24, 2025.

BY THE COURT:

S. Kato Crews
United States District Judge